IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHELTERED WINGS, INC. and
EAGLE OPTICS, INC.,

                              Plaintiffs,

                                                                                  OPINION AND ORDER

   v.

                                                                                  13-cv-796-bbc

WOHALI OUTDOORS, LLC,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action, plaintiffs Sheltered Wings, Inc. and Eagle Optics, Inc. contend that defendant Waholi Outdoors, LLC infringed their trademarks in violation of 15 U.S.C. §§ 1114 & 1125 and state common law.  Plaintiffs also request a declaration that two of defendant's pending trademarks cannot be registered.  Defendant, a resident of Oklahoma, has filed a motion to dismiss the case under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  Plaintiffs contend that defendant submitted itself to jurisdiction when it litigated a previous case in this court and when it sent catalogs to Wisconsin businesses for the purpose of solicitation.  Although the issue is a close one, I agree that the sending of catalogs containing the allegedly infringing log into the state was sufficient to support the exercise of jurisdiction under Wisconsin's long-arm statute and the due process clause.  Accordingly, I am denying the motion to dismiss.

       From the amended complaint and the documents submitted by the parties in connection with the pending motion to dismiss, I draw the following facts, solely for the

purpose of deciding the motion. Although the motion to dismiss was filed before plaintiffs amended their complaint, the parties have stipulated that the amended complaint did not change the substance of their arguments on the motion to dismiss and may be used to decide the motion. Dkt. #18.

FACTS

A. The Parties and Trademarks

Plaintiff Sheltered Wings, Inc. is a Wisconsin corporation and owner of Eagle Optics, Inc. Eagle Optics, Inc. is in the business of selling binoculars, spotting scopes, telescopes and associated storage cases. Eagle Optics, Inc. owns three registered trademarks associated with this business: Reg. Nos. 3,787,729; 2,886,199; and 3,192,083. Sheltered Wings, Inc. was the previous owner of these marks and registered them between 2004 and 2010, with "first use in commerce" dates as early as 1987. These marks contain the words "eagle optics" or "golden eagle." Sheltered Wings also applied for but was refused registration for an "eagle" trademark (Serial No. 85/095, 903) because of its likeness to defendant's "steel eagle" trademark described below.

Defendant Wohali Outdoors, LLC is an Oklahoma limited liability company in the business of manufacturing and selling outdoor activity products, ranging from rain and fishing gear to binoculars and rifle scopes. It sells these products throughout the country, but it has not sold products to retailers with outlets or stores in Wisconsin. Defendant owns

a trademark (Reg. No. 3,904,929) for its "steel eagle" line of products, which includes rifle scopes and binoculars. It first used this mark in October 2009.

Plaintiffs contend that defendant's steel eagle mark infringes their "eagle optics" and "golden eagle" marks, and they contend that they were harmed by the United States Trademark Office's refusal to register their other "eagle" trademark as a result of the likeness of defendant's "steel eagle" trademark.

### B. Defendant's Contacts with Wisconsin

In March 2011, defendant mailed catalogs marketing its products to 29 Wisconsin businesses. The catalogs included the allegedly infringing "steel eagle" marks. None of the businesses to which the catalogs were sent made any purchases from defendant. In February 2013, defendant shipped a carton of 17 plain t-shirts at no charge to a screen printing company in Appleton, Wisconsin. Defendant has not otherwise conducted business in Wisconsin and does not maintain any offices, accounts or employees in Wisconsin.

### C. Previous Litigation

In 2011, plaintiff Sheltered Wings filed a trademark infringement suit in this court on the same trademarks. (Case no. 11-cv-300-bbc). Sheltered Wings moved to dismiss the case without prejudice on the ground that it had initiated litigation over the trademarks in the United States Trademark Trial and Appeal Board. This court dismissed the motion over defendant's objection that the case should be dismissed *with* prejudice.

OPINION

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction, in this case, plaintiffs, to make a prima facie showing supporting that assertion. Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Nevertheless, for the purposes of this motion the court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiffs' favor all disputes concerning relevant facts presented in the record. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (quoting Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983)). See also Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010) (quoting same).

A. Waiver

Defendants can waive the defense of personal jurisdiction by consenting to it or through their conduct. For example, defendants may waive a defense by failing to raise it at their first opportunity or in their first motion to dismiss. Fed. R. Civ. P. 12(h). Furthermore, defendants' conduct may waive the defense if it might lead the plaintiff to believe that the defendants have submitted to jurisdiction, Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993), or if that conduct has allowed or encouraged the court and the plaintiff to expend resources in litigating the merits of the case, Mobile

4

Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010); American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd., 364 F.3d 884, 887-88 (7th Cir. 2004). Plaintiffs contend that defendant waived the defense of personal jurisdiction in the 2011 case in this court by opposing Sheltered Wings' motion to dismiss without prejudice. (Defendant argued in its opposition brief that the case should be dismissed *with* prejudice.)

Regardless whether defendant's actions in previous litigation actually could bind it in the context of this case, defendant did not waive the defense of personal jurisdiction in this case. It raised the defense at its first opportunity (its answer), and it did not waive the defense under Fed. R. Civ. P. 12(h) by opposing *Sheltered Wings'* motion to dismiss. Moreover, defendant's limited action of opposing plaintiff's motion would not have reasonably misled plaintiffs into believing it had waived the defense. Although defendant requested dismissal with prejudice on the ground that plaintiff's case was without merit, this brief and limited request did not suggest that defendant was prepared to enter into a full litigation on the merits. Cf. American Patriot Insurance Agency, Inc., 364 F.3d at 888 ("conducting settlement discussions and responding to discovery requests" was not waiver of personal jurisdiction defense). Finally, Sheltered Wings' motion to dismiss came just two weeks after defendant's answer and the case was then dismissed without expending significant resources of the court.

B.  The Merits

5

Thus, defendant is a non-consenting, nonresident party. Federal courts have personal jurisdiction over such defendants to the extent authorized by the law of the state in which that court sits, Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986). The first question under Wisconsin law is whether defendant is subject to the long arm statute, Wis. Stat. § 801.05. Logan Products, Inc. v. Optibase, Inc., 103 F.3d 49, 52 (7th Cir. 1996); Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667-68 (Wis. 2001). The long-arm statute "is to be liberally construed in favor of the exercise of jurisdiction." Federated Rural Electric Insurance Corp. v. Inland Power & Light Co., 18 F.3d 389, 391 (7th Cir. 1994) (citing Schroeder v. Raich, 89 Wis. 2d 588, 593, 278 N.W.2d 871 (1979)).

1. Wisconsin's long arm statute

Section 801.05(3) of Wisconsin's long arm statute confers jurisdiction over those actions in which a plaintiff "claim[s] injury to person or property within or without this state arising out of an act or omission within this state by defendant." The catalogs defendant sent to Wisconsin contained the allegedly infringing mark. Because defendant advertised the mark in Wisconsin and because plaintiffs are located in Wisconsin, at least part of plaintiffs' alleged injury occurred here. Plaintiffs also argue that defendant committed an act "within" Wisconsin by sending the catalogs here because they are "part of the wrongful conduct that forms the basis of the claim." Felland v. Clifton, 682 F.3d 665, 679 (7th Cir. 2012). See also State v. Advance Marketing Consultants, Inc., 66 Wis. 2d 706, 716, 225

N.W.2d 887, 892 (1975) (in fraudulent advertising case, placing ads in Wisconsin newspaper was part of defendant's "local acts" under § 801.05(3)). In Felland, the communication originated from elsewhere but because it was aimed at a Wisconsin resident, it could be considered a "local act" in Wisconsin. 682 F.3d at 678-79.

Defendant argues that in this case the act is only tenuously related to the claim and cannot be said to form a basis of it because the mailing of 29 catalogs was an insignificant aspect of defendant's promotion of its "steel eagle" products. The number of catalogs may have been insignificant, but sending them was an act of alleged infringement that had effects within this state, whether or not any catalog recipient purchased the advertised products. In this respect, the case is similar to Felland, where the underlying claim was mostly about a fraudulent sale and the out-of-state phone calls that formed the basis for jurisdiction were one part of the overall scheme. Id. See also Quarra Stone Co., LLC v. Yale University, 13-CV-790-SLC, 2014 WL 320059 (W.D. Wis. Jan. 29, 2014) (fraud culminated in Ohio but key contacts related to it were made in Wisconsin, so jurisdiction conferred under § 801.05(3)). I therefore conclude that § 801.05(3) provides a jurisdictional basis for this case. For that reason, I need not consider plaintiffs' other arguments under the long arm statute.

2. Due process

In addition to meeting the requirements of the long arm statute, plaintiffs must also show that the exercise of jurisdiction over defendant comports with the due process

7

requirements of the Fourteenth Amendment to the United States Constitution. Logan Products, 103 F.3d at 52. This analysis has three essential requirements: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); (2) the alleged injury must have arisen from the defendant's forum-related activities, id.; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice, International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

All three elements are met in this case. First, "the purposeful availment requirement is designed to prevent defendants from being [haled] into court solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts with the forum state." Logan Products, Inc., 103 F.3d at 52-53 (quoting Burger King, 471 U.S. at 475 and Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)). This is not the case here. By sending catalogs intentionally to Wisconsin, defendant purposely availed itself of the privilege of conducting business in the forum state and "expressly directed" its acts of infringement to Wisconsin. Asahi Metal Industries Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 112 (1987) (advertising may indicate intention to serve market in forum state); Felland, 682 F.3d at 676.

Second, plaintiffs' injuries arise in part from the sending of the catalogs. It is true that many other contacts outside Wisconsin form the greater portion of plaintiffs' case, but the catalogs are at least one part of the overall claim. Keeton, 465 U.S. at 781 (in

8

defamation case, magazines giving rise to claim were sent all over United States but fact that defendant distributed magazines to forum state was sufficient for personal jurisdiction and this was true even under "single publication rule" that would allow plaintiff to recover damages for distribution of other magazines).

Finally, exercising jurisdiction in this case would not offend traditional notions of justice. Several factors are considered in coming to that conclusion: "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies." Tamburo, 601 F.3d at 709 (quoting Burger King, 471 U.S. at 477). Defendant says that litigating in this court would be burdensome and inefficient because it has no customers here and witnesses would have to come from other states. It does not identify any forum that would be more convenient and it does not explain why bringing witnesses from out of state (which would have to be the case for one party or the other) would be unduly burdensome. Moreover, both Wisconsin and plaintiffs have an interest in having the case litigated here, where a Wisconsin resident has allegedly sustained an injury. Thus, I conclude that personal jurisdiction is present, and defendant's motion to dismiss will be denied.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant Wohali Outdoors, LLC, dkt. #6, is DENIED.

Entered this 25th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge